UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-50133-01/02 |
| versus | JUDGE HICKS |
| WILLIAM A. CAUSEY and<br>SCOTT HENRY HITT | MAGISTRATE JUDGE HORNSBY |

_____

**REPORT AND RECOMMENDATION**

**Introduction**

This case involves acts of sexual abuse by Defendants on a 13 year old boy referred to herein as AV. Defendants and the victim are residents of Mississippi. The sexual abuse began during an overnight trip to the Independence Bowl in Shreveport, Louisiana on or about December 27, 2002. Defendants took turns holding AV down and having anal sex with him in a hotel room. After the Shreveport trip, the sexual abuse of AV by Defendants continued, with numerous other incidents of anal penetration of AV by Defendants.

On April 22, 2005, the jury found both Defendants guilty of 18 U.S.C. § 2422(a)[Coercion and Enticement], 18 U.S.C. § 2423(b)[Travel With Intent to Engage in Sexual Act With a Juvenile] and 18 U.S.C. § 2423(a)[Transportation of a Minor With Intent to Engage in Sexual Activity]. On August 3, 2005, Judge Hicks sentenced both Defendants

to 25 years in prison and fined them each $200,000. Judge Hicks referred the issue of restitution to the undersigned for report and recommendation,[1] and he ordered that the payment of restitution take precedence over Defendants' fine obligations.

In accordance with Judge Hicks' referral, a restitution hearing was held on September 30, 2005. Defendants were present at the hearing with their trial counsel. The Government presented the testimony of two witnesses: John Nowlin (Social Worker) and Dr. Robert Maddux (Child and Adolescent Psychiatrist). Defendants presented no witnesses, but they offered into evidence several exhibits concerning their financial conditions. The parties also asked the undersigned to review and consider the trial testimony of AV, Barbara Varner, Dr. Persing, Dr. Seiden, Charlene Rushing and Jimmy Rushing.

**Issue 1: Restitution Is Appropriate**

18 U.S.C. § 3663(a)(1)(A) provides that the court may order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim. In determining whether to order restitution, the court shall consider (I) the amount of the loss sustained by the victim; and (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. § 3663(a)(1)(B)(i). The term "victim" means a person directly and

---

[1] 18 U.S.C. § 3664(d)(6) provides that the court "may refer any issue arising in connection with a proposed order of restitution to a magistrate judge or special master for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the issue by the court."

proximately harmed as a result of the commission of an offense. § 3663(a)(2). In the case of a victim who is under 18 years of age, the legal guardian, representative, another family member or other person appointed as suitable by the court, may assume the victim's rights. Id.

In some cases, an order of restitution is mandatory. § 3663A. Mandatory restitution applies to all cases in which a victim has suffered a physical injury or pecuniary loss, if the offense constitutes a "crime of violence" as defined in 18 U.S.C. § 16. § 3663A(c)(1)(A)(i). Section 16 defines a "crime of violence" as: (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. Zaidi v. Ashcroft, 374 F.3d 357, 360 (5th Cir. 2005). If mandatory restitution applies, the court does not consider the financial resources of the defendant. U.S. v. Juvenile G.Z., 144 F.3d 1148 (8th Cir. 1998).

As mentioned, the jury found both Defendants guilty of 18 U.S.C. § 2422(a)[Coercion and Enticement], 18 U.S.C. § 2423(b)[Travel With Intent to Engage in Sexual Act With a Juvenile] and 18 U.S.C. § 2423(a)[Transportation of a Minor With Intent to Engage in Sexual Activity]. Each of these offenses involves a substantial risk that physical force against the victim may be used in committing the offense. In this case, the evidence showed that Defendants took turns holding AV down so that Defendants could perform anal sex on

him. Therefore, this case involves not merely a substantial risk of physical force, it involves *actual* physical force in the commission of the offenses and *actual* injuries to AV as a result. When AV was examined at the University of Mississippi Medical Center, the doctors found evidence that he suffered injuries consistent with anal intercourse. Without question, AV also has suffered several mental and emotional injuries, including Post Traumatic Stress Disorder ("PTSD"), due to Defendants' sexual abuse. Mandatory restitution is, therefore, applicable. See also U.S.S.G. § 5E1.1(a).

Even if mandatory restitution did not apply, an order of restitution is still appropriate given the severity of the injuries sustained by AV and the financial resources of Defendants. § 3663(a)(1)(B)(i). The Government's witnesses, John Nowlin (AV's counselor) and Dr. Robert Maddux (AV's psychiatrist), conservatively estimate that AV will require over $200,000 in psychotherapy and medication over the next 15 years and that this treatment and medication are needed to address the trauma and PTSD suffered by AV at the hands of Defendants.

Defendant Causey has the financial resources to pay an order of restitution. Causey Exhibit 1 is an excerpt of the Presentence Investigation Report ("PSI") concerning Causey. The PSI shows a net worth of $682,000, with current income of zero (due to Causey's incarceration) and a negative monthly cash flow of -$2,517. Causey Exhibit 2 is a recent credit card bill showing a current balance of $50,854.98. (The PSI reflected credit card bills in the amount of $13,000.) Causey Exhibit 3 is a recent invoice from SallieMae Student

Loan Services showing an unpaid balance of $3,472.91 on a student loan Causey obtained for Hitt. (The PSR did not reflect this debt.) Causey Exhibit 4 is a demand letter from AV's attorney seeking $5.4 million to settle a civil suit pending in Mississippi state court. Causey Exhibit 5 is a copy of the civil suit filed on AV's behalf against Defendants (and others) seeking damages for sexual battery, negligence and other claims under Mississippi law. Despite the contingent liability of the lawsuit, Causey has the current ability to pay an order of restitution.

Defendant Hitt's financial resources are more limited. He is the co-owner of a home in Flowood, Mississippi. The home is worth approximately $120,000 and bears a mortgage balance of approximately $59,000. Hitt Exhibit 2. Hitt's one-half of the home's equity is, therefore, approximately $31,000. He also co-owns a 1996 Dodge Caravan with a value of approximately $1,000. Id. Hitt also is co-owner of a savings account with a balance of approximately $1,000. Affidavit of Scott H. Hitt, ¶ 5 (Hitt Exhibit 1). He reports no other assets. Id. While Hitt's financial condition is certainly more modest than Causey's, Hitt has the ability to pay restitution when the value of his share in the equity of his home is taken into account. After considering the relevant factors set forth in § 3663, the undersigned recommends that both Defendants be ordered to pay restitution.

**Issue 2: Amount of Restitution**

In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the

economic circumstances of the defendant. § 3664(f)(1)(A). In the case of an offense resulting in bodily injury, the court may order the defendant to (A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric and psychological care; (B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and (C) reimburse the victim for income lost by such victim as a result of such offense. § 3663(b)(2). Restitution also may include lost income, child care, transportation and other expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense. § 3663(B)(4).

Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. § 3664(e). The burden of demonstrating the amount of the loss sustained by a victim is on the Government. Id.

In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution. § 3664(f)(1)(B). Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in a civil proceeding. § 3664(j)(2).

Mr. Nowlin, AV's social worker and manager of the group home, and Dr. Maddux, AV's consulting psychiatrist, estimated that AV will require at least 15 years of

psychotherapy and medication to address the injuries and PTSD caused by Defendants' abuse. This length of time was described as a conservative estimate.

Mr. Nowlin and Dr. Maddux estimate the cost of AV's psychotherapy at $150 per hour on a weekly basis for the next 15 years is $117,000. Dr. Maddux stated that the rate was on the "bottom end" of the reasonable fee range in the relevant geographic area for a PTSD therapist. Mr. Nowlin and Dr. Maddux also estimate the cost of AV's medication (Seroquel) over the next 15 years is $102,205.80. **The total estimated cost for AV's psychotherapy and medication is $219,206**. However, Dr. Maddux noted that it is reasonable to assume the cost of therapy and medication would rise in the future. Dr. Maddux added that AV's PTSD diagnosis is chronic, and a significant percentage of such persons never recover. He added that it is common for PTSD patients to sometimes require hospitalization or treatment with more than one medication. If any of those events were to occur, the cost of care could increase significantly beyond the estimated amount.

Defendants essentially make two arguments regarding the amount of restitution: First, Defendants argue that AV has suffered several significant traumatic events in his life and, therefore, not all of his current problems should be laid at Defendants' feet. Second, they argue that the Government overstates the cost of AV's treatment and medication because the state of Mississippi will provide that treatment and medication at no charge until AV reaches age 21 (he is currently 16), and, thereafter, it will be available to him at reduced rates through Mississippi's Regional Hospital System.

It is true that AV has suffered other significant traumatic events in his life. His parents divorced when he was very young. At age 11, he began engaging in sex with another boy his age. He was then sexually abused by his youth minister, who is still in prison for that abuse. At around age 11 or 12, AV discovered his mother, who had attempted to commit suicide by shooting herself. At age 13, the sexual abuse by Defendants in this case began.

Dr. Maddux admitted that it is impossible to apportion responsibility among these events with any specificity. However, he testified that, in his opinion, a "majority" of the AV's current trauma stems from the sexual abuse he suffered at the hands of Defendants. Mr. Nowlin's testimony is consistent on this point. While he also admitted that the prior events "certainly had an impact on [AV]," he believes that AV's current problems with PTSD are primarily associated with the abuse by Defendants. Both opinions are supported by Dr. Maddux's description of AV's memories of the abusive acts: AV's memory of the earlier sexual abuse by the pastor was described as "fuzzy," while his memories of Defendants' abuse was more "intrusive." Based on the testimony of Dr. Maddux and Mr. Nowlin, the undersigned finds by a preponderance of the evidence that the abuse by Defendants is the principal cause of AV's current trauma and emotional injuries.

Defendants' second argument pertains to the availability of free or reduced cost treatment. However, the law does not afford Defendants the right to dictate where, how or by whom their victim is treated. Dr. Maddux and Mr. Nowlin testified that AV will need treatment and medication for the next 15 years. In fact, he may need it for the rest of his life.

They estimate the cost of the treatment at $150 per hour. However, AV may need treatment from an expert who charges $200 per hour or more. Dr. Maddux and Mr. Nowlin's estimates are very conservative on all levels. The estimates assume that AV will receive treatment outside of the free or reduced cost health care system provided by the state of Mississippi, and that is a perfectly reasonable assumption. AV is entitled to excellent medical care to address the severe damages inflicted by Defendants, and Defendants are not entitled to a discount because a free clinic might be available to their victim. That conclusion is supported by the provision in § 3664(f)(1)(B) that collateral sources of compensation to the victim are not relevant to the amount of restitution.

The undersigned finds by a preponderance of the evidence that, due to Defendants' abuse, AV will require treatment and medication for the next 15 years; that a reasonable cost for that treatment and medication is $219,206; and that Defendants should be ordered to pay restitution to AV in that amount.

**Issue 3: Other Terms of the Recommended Restitution Order**

Upon determination of the amount of restitution owed to each victim, the court shall specify in the order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant, including obligations to dependents. § 3664(f)(2). A restitution order may direct the

defendant to make a lump-sum payment, partial payments at specified intervals or in-kind payments. The court may also order the defendant to make nominal payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order and do not allow for the payment of the full amount of restitution in the foreseeable future under any reasonable schedule of payments. § 3664(3). If the court finds that more than one defendant has contributed to the victim's loss, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant. § 3664(h).

After considering the financial circumstances of Defendants, the undersigned believes Defendants are capable of paying restitution in one lump-sum payment. AV needs treatment now, and Defendants currently have assets that can be liquidated to enable them make restitution immediately.

Based on the nature of Defendants' abuse of AV, and each Defendant's active participation in that abuse, it is not appropriate to apportion liability for restitution among the Defendants. To ensure that full restitution is made to AV, each Defendant should be liable for the whole amount of restitution.

Accordingly,

**IT IS RECOMMENDED** that:

1. Defendant Causey be ordered to pay restitution to AV in one lump-sum payment of $219,206;

2. Defendant Hitt be ordered to pay restitution to AV in one lump-sum payment of $219,206;

3. Each Defendant be jointly and severally liable for the amount of $219,206, without apportionment of liability between them;

4. All restitution payments shall be sent and made payable to the Clerk of Court, United States District Court, Western District of Louisiana, Shreveport Division;[2] and

5. An Amended Judgment in a Criminal Case (AO 245C) be entered for each Defendant to set forth these terms of restitution.

### **Objections – Time For Filing**

Under the provisions of 28 U.S.C. § 636(b)(1)(C), parties aggrieved by this recommendation have **until October 17, 2005** to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to Judge Hicks at the time of filing. A party's failure to file timely written

---

[2] Defendant Causey argues that any order of restitution is subject to the laws of guardianship under Mississippi law and that all disbursements must be monitored by the Chancery Court in the county in which the minor resides. The parties have not provided the undersigned with enough information to determine the applicability of Mississippi's guardianship laws to this proceeding. Accordingly, that issue is left for the Clerk of this court to handle administratively once Defendants' restitution payments are received.

objections to the proposed findings, conclusions and recommendation set forth above, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 4th day of October, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE