UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50133-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WILLIAM A. CAUSEY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner William A. Causey's ("Causey") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). See Record Document 286.[1] The Government has opposed Causey's motion. See Record Document 294. Causey filed a reply. See Record Document 295.[2] For the reasons set forth below, Causey's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On August 26, 2004, Causey and co-defendant Scott Hitt ("Hitt") were charged with conspiracy to travel in interstate commerce to engage in illegal sexual contact with a minor in violation of 18 U.S.C. § 2423(b) (Count One), transportation of a minor in interstate commerce to engage in illegal sexual conduct in violation of 18 U.S.C. § 2423(a) (Count Two), and coercion of a minor to travel in interstate commerce to engage in illegal sexual conduct in violation of 18 U.S.C. § 2422(a) (Count Three). See Record Document 1. Causey and Hitt proceeded to trial. On April 22, 2005, the jury found them both guilty on all counts. See Record Documents 144 & 145. On August 3, 2005, this Court

---

[1] Causey also submitted sealed medical records (Record Document 292) and a signed declaration (Record Document 293).
[2] Causey's granddaughter submitted a letter in support of the motion for compassionate release. See Record Document 304.

sentenced Causey to prison terms of 120 months for Count One and 180 months for Count Two. See Record Documents 169 & 170. These terms were to run consecutive. See id. As to Count Three, the Court imposed a prison term of 180 months to run concurrent as to the terms imposed for Count One and Count Two. See id. The total term of imprisonment imposed was 300 months (25 years). See id.

According to trial testimony and the Presentence Investigation Report, Causey and Hitt traveled from Mississippi to attend the Independence Bowl in Shreveport, Louisiana in 2002. While in Shreveport, Causey and Hitt raped a 13 year-old male who was entrusted to their custody and care. The sexual assault of the minor victim continued on multiple occasions once the group returned to Mississippi. At trial, the Government also produced Rule 404(b) evidence that Causey and Hitt had committed a similar sexual assault against another minor male victim.

Causey is currently incarcerated at Allenwood Low FCI in Pennsylvania. His projected release date is July 31, 2026.

## LAW AND ANALYSIS

Causey seeks compassionate release due to his age, medical conditions, and vulnerability to COVID-19. The defense also argues that Causey is not a danger to the community because he is 80 years old and largely confined to a bed or his wheelchair. Further, defense counsel maintain that given "Causey's age, his deteriorating health, the risks presented by the pandemic, and the fact that he has already been in prison over 15 years, a reduction in [Causey's] sentence comports with the factors set forth under 18 U.S.C. § 3553(a)." Record Document 286 at 3.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Causey moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

> (2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Causey has exhausted his administrative remedies and the Court will proceed to the merits of his motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Causey's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not

binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Here, "under the totality of the circumstances, the United States agrees that 'extraordinary and compelling reasons' exist under the Policy Statement of U.S.S.G. § 1B1.13, cmt. N.1(B)." Record Document 294 at 7. The Government went on to note

Causey's age, his medical records supporting a finding that his physical health is deteriorating connected to his advanced age, and that he had served at least 10 years of his sentence. Notwithstanding, the Government argues Causey is not entitled to relief because of Section 3552(a) facts and possible danger to the community.

Here, this Court believes granting compassionate release would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Causey's offense disfavor release. Causey was convicted of heinous sexual misconduct that will have lasting effects on the minor victim. While the repeated rape and sexual assault of the minor victim is troubling on its own, there is also record evidence of Causey's sexual assault of another teenage boy. This pattern is particularly troubling. While conceding the wide discretion this Court has in balancing the Section 3553(a) factors, the defense calls concerns over Causey's access to the internet and online chatting hypothetical or non-existent and believes any such concerns can be addressed with release conditions. Yet, this Court is unwilling to take such a chance. The internet is easily accessible. Declining health and the use of a wheelchair do not eliminate the threat or the ability to prey on minor victims online. The risk to reoffend, even if not as egregious as the original course of conduct in this case, is simply too great to grant compassionate release. Additionally, an early release at this juncture simply would not reflect the seriousness of Causey's sexual offense. In fact, early release would undercut just punishment in this instance and would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Causey's Motion for Compassionate Release (Record Document 286) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of September, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT